UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kermit R.,                                                    Civ. No. 21-179 (PAM/JFD)

            Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Kilolo Kijakazi, Acting
Commissioner of Social Security,

            Defendant.

_____

        This matter is before Court on the parties' cross-Motions for Summary Judgment.

For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

        Plaintiff Kermit R. filed an application for disability insurance benefits on March

15, 2018, alleging that he had been disabled since April 1, 2017, due to arthritis in his back,

disc degeneration, congenital spinal-canal narrowing and stenosis, and past seizures.

(Admin. R. at 12, 184.)

        An individual is considered disabled for purposes of Social Security Disability

Insurance benefits if he is "unable to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months."   42 U.S.C. § 1382c(a)(3)(A).   In addition, an individual is

disabled "only if his physical or mental impairment or impairments are of such severity

that he is not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i).  If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two.  Id. § 416.920(a)(4)(ii).  At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1.  Id. § 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

After a hearing, the Administrative Law Judge ("ALJ") determined that Plaintiff had the severe impairment of degenerative disc disease of the cervical and lumbar spine. (Admin. R. at 12.)  The ALJ then determined that Plaintiff's impairment did not meet or medically equal the requirements of listed impairments.  (Id. at 13.)  The ALJ found that Plaintiff's RFC allowed him to perform work that exists in significant numbers in the national economy.  (Id. at 18.)  Thus, the ALJ determined that Plaintiff was not disabled. (Id. at 19.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that he was not disabled.  He contends that the ALJ failed to "properly evaluate the opinion" of his treating physician, and that the ALJ erred by relying on the opinions of state-agency physicians.  Thus, Plaintiff contends that the ALJ's decision is not supported by substantial evidence.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more than a mere scintilla."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  If substantial evidence in the record supports the Commissioner's decision, the Court "may not reverse it because substantial evidence exists in the record that would have

3

supported a contrary outcome . . . or because [the Court] would have decided the case differently." McKinney, 228 F.3d at 863.

### A.     Treating Medical-Source Opinion

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence in the record because the ALJ failed to properly evaluate the opinion of his treating physician, Dr. Kelsey Schultz.  On September 12, 2019, Dr. Schultz submitted a medical-source statement advising that Plaintiff should abide by severe functional limitations, such as not using his hands, walking only one city block, sitting for periods of no more than 20 minutes, standing for no more than 10 minutes, changing positions every 30 minutes, and lifting occasionally, but only less than 10 pounds.  (Admin R. at 16.)  The ALJ did not find Dr. Schultz's functional recommendations to be persuasive, noting that her opinion was not supported by objective medical evidence, including Dr. Schultz's previous exam notes, imaging, and Plaintiff's "lack of impairment to correspond with such extreme limits."  (Id.)  Additionally, the ALJ referenced that over the years during which Dr. Schultz treated Plaintiff, she had recommended conservative treatment rather than surgery, had not prescribed Plaintiff strong pain medications, and that Plaintiff had failed to follow pain-management recommendations.  (Id. at 16-17.)  Further, Plaintiff reported that he could perform many daily activities, go for walks, assist a friend with household chores, shop for groceries, fish, hunt, and travel to Las Vegas, among other activities.  (Id. at 17.)  Plaintiff's account of his robust activities conflicts with Dr. Schultz's 2019 statement describing extremely limited mobility and the need for frequent breaks.

Plaintiff's argument that the ALJ did not give sufficient weight to Dr. Schultz's opinion fails.

### B.      State Agency Physicians' Opinions

Plaintiff further contends that the ALJ erred in finding that the state-agency physicians' opinions were persuasive, because the opinions were rendered in 2018 before Plaintiff received medical treatment that indicated that he might require a cervical fusion in the future.  (Id. at 16.)  Thus, Plaintiff argues that the ALJ should have accepted Dr. Schultz's 2019 opinion or sought an alternate opinion, rather than consider the agency physicians' 2018 opinions.  However, "because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision.  The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."  Minney v. Berryhill, No. C16-175, 2018 WL 659860, at *8 (N.D. Iowa Feb. 1, 2018) (quoting Chandler v. Commissioner of Social Sec., 667 F.3d 356, 361 (3d Cir. 2011)).

Plaintiff provides no authority for his argument that the ALJ should not have given weight to the state-agency physicians' 2018 opinions, because subsequent evidence differed from those opinions.  In any event, despite finding the state physicians' opinions persuasive, the ALJ concluded that Plaintiff was indeed more limited than the state physicians found him to be.  (Admin. R. at 17.)  Moreover, at the hearing, Plaintiff informed the ALJ that he wanted to try more conservative treatment before undergoing a cervical fusion.  (Id. at 15.)  Because Plaintiff presents no evidence that the ALJ improperly considered those opinions in reaching her conclusion, Plaintiff's argument is without merit.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny

benefits here.  Accordingly, **IT IS HEREBY ORDERED that**:

1.     Plaintiff's Motion for Summary Judgment (Docket No. 28) is **DENIED**; and

2.     Defendant's Motion for Summary Judgment (Docket No. 30) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: Thursday, February 3, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge